UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SERGIO RODRIGUEZ,

Plaintiff,

vs.   CASE NO.: 6:17-cv-672-ORL-37-GJK

SAVE GRASS, INC., a Florida
Corporation, AURORA STONE &
GRAVEL, LLC, a Florida Limited
Liability Company, and SAUL
VENTURA, Individually,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SERGIO RODRIGUEZ, by and through the undersigned attorney, sues the Defendants, SAVE GRASS, INC., a Florida For Profit Corporation, AURORA STONE & GRAVEL, LLC, a Florida For Profit Limited Liability Company, and SAUL VENTURA, Individually, and alleges:

1. Plaintiff, SERGIO RODRIGUEZ, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, SERGIO RODRIGUEZ was an employee who worked for Defendants within the last three years in Brevard County, Florida.

3. Plaintiff, SERGIO RODRIGUEZ, worked for Defendants as an hourly paid employee performing lawn care and lawn maintenance labor.

4. Plaintiff, SERGIO RODRIGUEZ, was paid an hourly rate of $10.00 per hour.

1

5. Plaintiff, SERGIO RODRIGUEZ, was a non-exempt employee and entitled to overtime compensation for overtime hours worked.

6. Defendant, SAVE GRASS, INC., is a Florida for profit Corporation that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, AURORA STONE & GRAVEL, LLC, is a Florida for Limited Liability Company that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

8. Defendants, SAVE GRASS, INC., and AURORA STONE & GRAVEL, LLC both operate and conduct business at 2699 Aurora Road, Melbourne Florida, 32935.

9. Defendants, SAVE GRASS, INC., and AURORA STONE & GRAVEL, LLC are both owned and operated by SAUL VENTURA.

10. Defendants, SAVE GRASS, INC., and AURORA STONE & GRAVEL, LLC are joint employers who employed Plaintiff to carry out lawn maintenance/lawn care business operations.

11. At all times relevant to this action, SAUL VENTURA was an individual resident of the State of Florida, who owned and operated SAVE GRASS, INC. and AURORA STONE & GRAVEL, LLC, and who regularly exercised the authority to: (a) hire and fire employees of SAVE GRASS, INC., and AURORA STONE & GRAVEL, LLC; (b) determine the work schedules for the employees of SAVE GRASS, INC., and AURORA STONE & GRAVEL, LLC and (c) control the finances and operations of SAVE GRASS, INC., and AURORA STONE & GRAVEL, LLC. By virtue of having regularly exercised that authority on behalf of SAVE GRASS, INC., and AURORA STONE & GRAVEL, LLC, SAUL VENTURA is/was an employer as defined by 29

U.S.C. § 201, et seq.

12. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

14. During Plaintiff's employment with Defendants, Defendant, SAVE GRASS, INC., and AURORA STONE & GRAVEL, LLC earned more than $500,000.00 per year in gross sales.

15. Defendant, SAVE GRASS, INC., employed approximately twenty-five (25) employees and paid these employees plus earned a profit from their business.

16. During Plaintiff's employment, Defendants, SAVE GRASS, INC., and AURORA STONE & GRAVEL, LLC employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as wooden pallets, grass feeder, mulch, rock/stone material, gravel, and other items used to run the business.

17. Additionally, Defendants, SAVE GRASS, INC., and AURORA STONE & GRAVEL, LLC specifically engages in interstate commerce by accepting payment from customers using out of state banking institutions.

18. Therefore, at all material times relevant to this action, Defendants, were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### FLSA Violations

19. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

20. During his employment with Defendants, Plaintiff was not paid time and one-half

his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

21. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above as though stated fully herein.

24. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

25. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

26. Specifically, Defendants paid Plaintiff his regular rate ($10.00) for all hours works regardless of how many overtime hours were worked in the workweek.

27. Additionally, Defendants had a method of compensating Plaintiff by providing a separate paycheck for hours worked in excess of forty (40) per week. However, these hours were compensated at Plaintiff's regular rate.

28. Defendant's failed to compensate Plaintiff the half-time premium for overtime hours worked.

29. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

30. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

31. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

32. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

33. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SERGIO RODRIGUEZ demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 12 day of April, 2017

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff